THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:23-cv-1368

NY BLACK AND GOLD CORPORATION,

Plaintiff,

v.

VOX MEDIA, LLC
d/b/a POPSUGAR BEAUTY,

Defendant.

---

**COMPLAINT**

Plaintiff NY Black and Gold Corporation ("Plaintiff") sues defendant Vox Media, LLC d/b/a PopSugar Beauty ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Santa Monica, CA.

2. Defendant is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1201 Connecticut Avenue NW, 12th Floor, Washington, D.C. 20036. Defendant's agent for service of process is Corporation Service Company, 1090 Vermont Avenue NW, Washington, D.C. 20005.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with the District of Columbia such that the exercise of personal

jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The term 'may be found' as used in Section 1400(a) has been interpreted to mean that the defendant is subject to personal jurisdiction in the given forum." Bigelow v. Garrett, 299 F. Supp. 3d 34 (D.D.C. 2018) "'[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced'" DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14 (D.D.C. 2002) (quoting 28 U.S.C.S. § 1391(c)).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a premier creative social media company (see https://blackandgoldagency.com/). It creates stunning custom photography for the social feeds of brands and influencers.

7. Plaintiff provides social media management and email marketing services to companies across North America in the fashion, beauty, wellness, fitness, consumer goods, technology, and non-profit sectors.

8. Plaintiff has worked with some of the most respected names and brands in the industry, including but not limited to, Marc Jacobs, Eli Tahari, Alex & Ani, Guess, Makeup Geek, Rejuva Minerals, Tangle Teezer, Julie Vos, Hill House, Lynnban, Planted in Beauty, and Moroccanoil.

### II. The Work at Issue in this Lawsuit

#### A. The First Photograph

9. In 2017, Plaintiff took a professional photograph of a Glam Seamless hair extension titled "1338_2_1338_Glam_0305.jpg" (the "First Photograph"). A copy of the First

Photograph is exhibited below:



**B. The Second Photograph**

10. In 2017, Plaintiff took a professional photograph of a Glam Seamless hair extension titled "1338_1C_1338_Glam_0026.jpg" (the "Second Photograph"). A copy of the Second Photograph is exhibited below:


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



11. The First Photograph and Second Photograph are collectively referred to herein as the "Work."

12. The Work was registered by Plaintiff with the Register of Copyrights on April 23, 2020 and was assigned Registration No. VA 2-205-488. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

13. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III. Defendant's Unlawful Activities

14. Defendant is a media conglomerate whose portfolio features the most relevant and respected editorial properties across the biggest consumer categories, including Vox, *New York Magazine*, The Verge, The Cut, Eater, Vulture, The Strategist, Polygon, SB Nation, Intelligencer, Curbed, Grub Street, Recode, Thrillist, PopSugar, The Dodo, NowThis, and Seeker. It is the self-


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

proclaimed "leading modern media company."

15. Defendant advertises/markets its business primarily through its websites (https://www.popsugar.com/, https://corp.voxmedia.com/), social media (e.g., https://www.facebook.com/POPSUGAR/, https://www.facebook.com/POPSUGARBeauty/, https://www.instagram.com/popsugar/?hl=en, https://www.instagram.com/popsugarbeauty/?hl=en, https://twitter.com/POPSUGAR?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor, https://twitter.com/POPSUGARBeauty?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor, https://www.youtube.com/channel/UCkk2vs5EXLFUMuVyhy7oOMQ, https://www.youtube.com/channel/UCN781-j50kA-q2CsGqZuzlg, https://www.pinterest.com/popsugar/, https://www.pinterest.com/POPSUGARBeauty/, https://www.tiktok.com/@popsugar?lang=en, https://corp.voxmedia.com/, https://www.facebook.com/voxmediainc/, https://www.instagram.com/voxmedia/?hl=en, https://twitter.com/voxmedia?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor, https://www.tiktok.com/tag/voxmedia?lang=en), and other forms of advertising.

16. On January 9, 2019 (before Plaintiff's above-referenced copyright registration of the First Photograph), Defendant published the First Photograph on its website (at https://www.popsugar.com/beauty/Jennifer-Lopez-Sleek-Hair-2019-45660454#photo-45660461) in connection with an article titled 'If You've Ever Wanted Long, Sleek Hair Like J Lo, This Is What You'll Need:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228




17. On June 6, 2018 (before Plaintiff's above-referenced copyright registration of the Second Photograph), Defendant published the Second Photograph on its website (at https://www.popsugar.com/beauty/Tips-High-Ponytail-44903371#photo-44903826) in connection with an article titled 'Ariana Grande's Hairstylist Snatched My Ponytail, and I'm Pretty Sure It Gave Me Superpowers':


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228






ponytail," which means tightly pulled back, high, and smooth. The opportunity to have Beyoncé "Ring the Alarm" hair was knocking at my edges, and there was no turning it down.

The Transformation




I sat in the chair prepared to get snatched, and spoiler alert: it was, hands-down, the most fun I've had with my hair in a really long time. Now, you might be thinking "girl, it's just a ponytail." But it wasn't just a ponytail. It was something brand new for me, especially considering I've never used extensions to enhance my hair before. There was just something about being able to whip my head back and forth that gave me some sort of Nicki Minaj superpowers.

How It's Done



Transforming my chin-length hair was actually easier that I expected. Appleton broke it down for me in simple steps so that I felt totally confident trying it again myself at home.

18. A true and correct copy of the screenshots from Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **<u>Exhibit "B."</u>**

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

20. Defendant utilized the Work for commercial use – namely, in connection with the

marketing and advertising of its business.

21. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on March 22, 2021. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

23. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

28. Defendant reproduced, distributed, and publicly displayed the Work without


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

authorization from Plaintiff.

29. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work, and at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper.

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: May 15, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza____
Daniel DeSouza, Esq.